```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**THOMAS B. FARLEY, JR, and**
**T & R TRUCKING CO., INC.,**
**a West Virginia Corporation**

    **Plaintiffs,**

**v.**                                       **Civil Action No: 2:05-0917**

**ORIX FINANCIAL SERVICES, INC.,**
**Formerly known as ORIX CREDIT**
**ALLIANCE, INC.**

    **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is plaintiffs' motion for reconsideration. (Doc. No. 50.)  Having reviewed the record and applicable law, and for the reasons outlined below, the court **DENIES** plaintiffs' motion.

**I.  Factual and Procedural Background**

On March 9, 2007, this court entered its Memorandum Opinion and Order denying plaintiffs' motion for summary judgment as to defendant's counterclaim. (Doc. No. 49.)  Defendant's counterclaim seeks to enforce a written guaranty agreement signed by plaintiff Thomas B. Farley (Doc. No. 27 Ex. D), in which he agreed to be held personally liable for any obligations plaintiff T&R Trucking Co., Inc. ("T&R Trucking") owed or would owe to defendant. (<u>Id.</u> at 4.)  In its opinion, the court held that the New York choice of law provision in the guaranty agreement was valid because the parties had significant relationships to New

York and applying New York law would not contravene West Virginia public policy. (Doc. No. 49 at 6.)

On March 30, 2007, plaintiffs filed a motion for reconsideration, arguing that this court incorrectly decided the choice of law issue. (Doc. No. 50.) Defendant filed its response memorandum on April 19, 2007 (Doc. No. 51), and plaintiffs filed their reply on April 27, 2007 (Doc. No. 53). As such, this motion is ripe for adjudication.

## II. Analysis

In their motion for reconsideration, plaintiffs repeat many of the same arguments already presented to this court in previous filings. However, plaintiffs do state for the first time that the guaranty agreement was signed in West Virginia, not Kentucky. (Doc. No. 50 at 1.)

In its memorandum opinion and order, this court stated that the guaranty agreement was signed in Salyersville, Kentucky. (Doc. No. 49 at 4.) The guaranty agreement recites that the document was signed in Salyersville, Kentucky, and a notary public certified that the document was signed in Salyersville, Kentucky. (Doc. No. 37 Ex. 1 at 9.) Despite this, plaintiffs present portions of a deposition transcript in which Mr. Farley states that all documents at issue were signed in West Virginia. (Doc. No. 52 at 2.) However, even if true, this fact would not affect the court's ruling.

2

Choice of law provisions are presumptively valid in West Virginia. See General Elec. Co. v. Keyser, 275 S.E.2d 289, 293 (W. Va. 1981); see also Nickey v. Grittner, 297 S.E.2d 441 (W. Va. 1982). Courts must still examine these provisions, however. In West Virginia, "[a] choice of law provision in a contract will not be given effect when the contract bears no substantial relationship with the jurisdiction whose laws the parties have chosen to govern the agreement, or when the application of that law would offend the public policy of that state." General Elec., 275 S.E. 2d at syl. pt. 1; see also Bryan v. Mass. Mut. Life Ins. Co., 364 S.E.2d 786, 790 (W. Va. 1987).

In General Electric, the Supreme Court of Appeals of West Virginia declined to enforce a New York choice of law provision in a guaranty agreement because the only relationship the parties had to New York was the fact that General Electric, the guarantee, was incorporated there. 275 S.E.2d at 296 That alone, the court held, was insufficient to support the choice of law provision. Id.

As the court has previously stated, that is not the case here. Defendant is incorporated under the laws of New York (Doc. No. 37 Ex. 1 at 10), and defendant has a principal place of business in New York. See Orix USA, http://www.orix.com/about.htm (last visited May 7, 2007). Most importantly, the parties anticipated that performance of the

guaranty agreement would take place in New York, as the notes secured by the guaranty agreement indicated that all payments would be sent to Orix at 100 Dutch Hill Road, Orangeburg, New York.[1]  (Doc. No. 27 Exs. A, C, H.)  Thus, this contract bears a substantial relationship to New York.

Plaintiffs quote language in General Electric to support their position that the New York choice of law provision in the guaranty agreement is invalid.  Plaintiffs point to language in the opinion stating that "a contract will governed by the law of the state where it is made and to be performed when it is involved in litigation in this state . . . ."  (Doc. No. 50 at 3 (quoting General Elec., 275 S.E.2d at 296).)  Plaintiffs argue that because the guaranty was, according to Mr. Farley's deposition, signed in West Virginia, it should be construed according to West Virginia law.  (Id.)

Plaintiffs misinterpret General Electric.  The traditional rule in West Virginia is that a contract will be interpreted according to the law of the state where it is made and to be performed.  However, the court in General Electric defaulted to the traditional rule only *after* it determined that the choice of law provision in the guaranty agreement was invalid.  See 275

---

[1]  In General Electric, the court applied California law to a dispute over the guaranty agreement in part because "[p]ayment of the underlying obligation was to be made to the California bank and thus, it may be said that the guaranty agreement contemplated performance at the California bank."  275 S.E.2d at 296.

S.E.2d at 295 ("Finding the choice of laws clause to be ineffective, we must determine if the trial court correctly decided that California law should govern the case."). Therefore, this court must first determine whether the New York choice of law provision in the parties' guaranty agreement is valid, and that test is whether the guaranty agreement bears a substantial relationship to New York.  See id. at syl. pt. 2. The fact that the agreement may or may not have been signed in West Virginia is certainly a factor in this determination, but it is not dispositive.  As stated above, this court finds that the guaranty agreement bears a substantial relationship to New York, and it will apply New York law to defendant's counterclaim.

Plaintiffs also argue that applying New York law would violate West Virginia public policy because "[t]his is a '[L]emon [L]aw' case," and "[t]he state of New York does not have a '[L]emon [L]aw.'"  (Doc. No. 50 at 1-2.)  First, New York does have a "Lemon Law."  See N.Y. Gen. Bus. Law §§ 198-a, 198-b (McKinney 2005).  Second, the trucks purchased by plaintiffs do not fall under West Virginia's "Lemon Law" because they were not purchased in West Virginia, and they were not purchased for "consumer" purposes.  See W. Va. Code § 46A-6A-3.

Section 46A-6A-3 provides that "[i]f a new motor vehicle purchased *in this State* . . . does not conform to all applicable express warranties and the *consumer* reports the nonconformity to

5

the manufacturer, its agent or its authorized dealer . . . the manufacturer, its agent or its authorized dealer shall make the [necessary] repairs . . . ." Id. (emphasis added). Consumer is defined as the "purchaser, other than for purposes of resale, of a new motor vehicle purchased in this State, used primarily for personal, family or household purposes . . . ." Id. at § 46A-6A-2(1). A motor vehicle is defined as "any passenger automobile sold in this State, including pickup trucks and vans subject to registration as a Class A motor vehicle . . . ." Id. at § 46A-6A-2(4).

Plaintiffs purchased the coal trucks at issue in Kentucky. (Doc. No. 37 Ex. 1 at 5.) Also, these are dump trucks capable of hauling at least 20 tons of coal, and plaintiffs used the trucks for that purpose. As defined by the West Virginia consumer protection statutes, these coal trucks are not "motor vehicles," and plaintiffs are not "consumers."[2] See McLaughlin v. Chrysler

---

[2] Plaintiffs argue that City National Bank v. Wells, 384 S.E.2d 374 (W. Va. 1989), supports their position that trucks purchased for commercial purposes fall within the scope of West Virginia's consumer protection statutes. (Doc. No. 50 at 5.) Plaintiffs' argument is misplaced. In Wells, the plaintiff purchased a four-wheel drive Toyota pickup truck and advised the manufacturer that he "needed the vehicle for use in his business." 384 S.E.2d at 378. Although the case was primarily an action for breach of warranty under the UCC, the court did permit the plaintiff to recover attorney fees under the Magnuson-Moss Act, 15 U.S.C. § 2310(d)(2), which defines "consumer" similar to W. Va. Code § 46A-6A-2(1). See 15 U.S.C. § 2301(1). However, the court in Wells never explicitly held that a person who purchases a vehicle *primarily* for commercial purposes is a "consumer" under W. Va. Code § 46A-6A-2(1). Furthermore, Wells is factually

Corp., 262 F. Supp. 2d 671, 680 (N.D. W. Va. 2002)(holding that a plaintiff who purchased a vehicle primarily for use in his business of buying and selling motorcycles was not a "consumer" as defined by West Virginia's consumer protection statutes). Therefore, West Virginia Code § 46A-6A-3 is inapplicable.

Plaintiffs also argue that under W. Va. Code § 45-1-1, defendant has forfeited any rights of recovery against Mr. Farley. Under West Virginia law, a guarantor may require the creditor, by notice in writing, to initiate a lawsuit against the debtor once a cause of action accrues against the debtor. W. Va. Code § 45-1-1. If the creditor receives such a notice in writing and does not initiate suit against the debtor within a reasonable time, the creditor forfeits the right to enforce the guarantee agreement against the guarantor. Id. at § 45-1-2.

First, this court has determined that New York law, not West Virginia law, governs defendant's counterclaim. However, even if this court were to apply West Virginia law, these statutes would not apply. The Supreme Court of Appeals of West Virginia has held that under West Virginia Code § 45-1-1, the notice in writing must "be clear and explicit in its demand that suit be

---

distinguishable from the present case in that the truck in Wells was a four-wheel drive passenger pickup truck, and the trucks in this case are dump trucks capable of hauling 20 tons of coal.  If this court were to hold that plaintiffs are "consumers" and that these trucks are "motor vehicles" under W. Va. Code § 46A-6A-2, it would significantly expand these definitions beyond what the West Virginia Legislature intended.

brought by the creditor to enforce the obligation [against the debtor]." <u>Williams v. Zimmerman</u>, 20 S.E.2d 785, 788 (W. Va. 1942)(internal quotations omitted). The court held that a general notice to the creditor asking it "to collect" its claim from the debtor is insufficient; the notice must explicitly demand that the creditor initiate a lawsuit against the debtor. <u>Id.</u> In this case, T&R Trucking wrote a letter to defendant stating that it had returned the trucks in question to the dealer, Stephens Truck & Trailer Sales, for failure to honor the warranty, and that T&R Trucking was not liable to defendant in any amount. (Doc. No. 37 Ex. 1 at 6-7.) This can hardly be considered a "clear and explicit" demand from Mr. Farley, the guarantor, for defendant to initiate a lawsuit against the debtor, T&R Trucking. Therefore, these statutes do not apply.

  Finally, the court would like to clarify a misconception in plaintiffs' motion for reconsideration. In their memorandum, plaintiffs state: "Forum is defined as 'a court of justice, or judicial tribunal; a place of jurisdiction; a place of litigation; an administrative body. Particular place where judicial or administrative remedy is pursued.' 'A federal district court applies the choice-of-law rules of the <u>forum</u> state.'" ((Doc. No. 50 at 4)(internal citations omitted)(emphasis in original).) Plaintiffs go on to say that "[t]he forum [in this case] is in the Southern District of West

Virginia.  The laws to be applied are the laws of West Virginia.  The procedural laws of New York are not in any way involved in this matter."  (Id. at 5-6.)

Choice of law rules guide a forum court's determination of which state's substantive law governs a particular matter, "absent an effective choice of law by the parties."  15A C.J.S. Conflict of Laws § 27 (2007).  In this case, the court has applied West Virginia substantive law, as set forth in General Electric Co. v. Keyser, 275 S.E.2d 289 (W. Va. 1981), to determine whether the New York choice of law provision in the parties' guaranty agreement is valid.  The court determined, pursuant to West Virginia law, that the New York choice of law clause is valid, and therefore, the court will apply New York substantive law to defendant's counterclaim.  At no point did this court apply New York procedural laws to make this determination.

### III.  Conclusion

For reasons stated above, plaintiffs' Motion for Reconsideration (Doc. NO. 50) is **DENIED.**  The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 30th day of May, 2007.

ENTER:

David A. Faber
Chief Judge